CHRISTOPHER J. KELLER (SBN 178491)
SAN FRANCISCO EMPLOYMENT LAWYERS, PC
447 Sutter Street, Suite 405
San Francisco, CA. 94108
Tel: (650) 523-8501
ckeller@sfemploymentlawyers.net

SCOTT SHIBAYAMA (SBN 173571)
VISION LAW® CORPORATION
1380 Lead Hill Blvd., Ste. 106
Roseville, CA 95661
916.780.1920(office)
916.780.1921(fax)
scott@visionlaw.com

Attorneys For Defendant BOEHME LOGISTICS LLC

UNITED STATES DISTRICT COURT

NORTHER DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| BRIAN BRANSON, individually, and on behalf of other members of the general public similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>BOEHME LOGISTICS LLC a California limited liability company; ONTRAC LOGISTICS, INC., a Delaware corporation; and DOES 1 through 10, inclusive.<br><br>Defendants. | **Case No. 3:26-cv-00835-RFL**<br><br>**DEFENDANT BOEHME LOGISTICS LLC'S ANSWER TO PLAINTIFF'S CLASS AND REPRESENTATIVE ACTION COMPLAINT** |

Defendant Boehme Logistics LLC ("Boehme"), by and through its undersigned attorneys, hereby answers the Class and Representative Action Complaint ("Complaint") filed by Plaintiff Brian Branson ("Plaintiff") as follows. Except as specifically admitted herein, Boehme denies each and every allegation of the Complaint. Any allegation not expressly admitted is denied. The use of headings herein is for convenience only and shall not be construed as an admission of any allegation contained under the corresponding heading in the Complaint.

## INTRODUCTION AND PRELIMINARY STATEMENT

1. Boehme admits that this action has been filed against it and that Plaintiff purports to bring claims for violations of the California Labor Code and other statutes. Boehme denies that it has violated any statute, law, regulation, or duty owed to Plaintiff or the putative class.

2. Boehme admits that Plaintiff purports to bring the First through Eighth Causes of Action individually and as a class action on behalf of certain current and former employees. Boehme denies that class certification is appropriate or that Plaintiff can satisfy the requirements of Federal Rule of Civil Procedure 23 or California Code of Civil Procedure section 382.

3. Boehme admits that Plaintiff purports to bring the Ninth Cause of Action as a representative action under PAGA. Boehme denies any liability under PAGA.

4. Boehme admits that it owns and operates an industry, business, and establishment within the State of California and is subject to the California Labor Code and IWC Wage Orders. Boehme denies that it has violated any applicable law or regulation.

5. Boehme denies the allegations contained in Paragraph 5.

6. Boehme denies the allegations contained in Paragraph 6.

7. Boehme denies the allegations contained in Paragraph 7.

## THE PARTIES

### Plaintiff

8. Boehme lacks sufficient knowledge or information to form a belief as to where Plaintiff currently resides, and on that basis denies the same. Boehme admits that Plaintiff worked for Boehme as a Delivery Driver from on or about September 1, 2017 to approximately June 27, 2025. Boehme

denies that Plaintiff was misclassified and denies the remaining allegations in Paragraph 8.

9. Boehme lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9, and on that basis denies the same.

**Defendants**

10. Boehme admits that it is a California limited liability company with its principal place of business in the County of Shasta, California, that it conducts business in numerous counties throughout the State of California including Contra Costa County, and that it was the employer of Plaintiff. Boehme denies the remaining allegations in Paragraph 10 to the extent they suggest Boehme suffered and permitted Plaintiff and the Class to work and/or controlled their wages, hours, or working conditions in an unlawful manner.

11. Boehme lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 11, and on that basis denies the same.

12. Boehme lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12, and on that basis denies the same.

13. Boehme lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 13, and on that basis denies the same.

14. Boehme lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 14, and on that basis denies the same.

**VENUE AND JURISDICTION**

15. Boehme admits that Plaintiff alleges the wrongful conduct occurred in the County of Contra Costa. Boehme denies that any wrongful conduct occurred.

16. Boehme lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 16, and on that basis denies the same.

**ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

17. Boehme denies the allegations contained in Paragraph 17.

18. Boehme denies the allegations contained in Paragraph 18.

19. Boehme denies the allegations contained in Paragraph 19.

20. Boehme denies the allegations contained in Paragraph 20.

21. Boehme denies the allegations contained in Paragraph 21.

22. Boehme denies the allegations contained in Paragraph 22.

23. Boehme denies the allegations contained in Paragraph 23.

24. Boehme denies the allegations contained in Paragraph 24.

25. Boehme denies the allegations contained in Paragraph 25.

## **CLASS ACTION ALLEGATIONS**

26. Boehme admits that Plaintiff purports to bring certain claims individually and on behalf of a putative class. Boehme denies that class treatment is appropriate.

27. Paragraph 27 contains Plaintiff's characterization of the proposed class definition. Boehme denies that any class should be certified and denies that the proposed class definition is appropriate.

28. Boehme denies the allegations contained in Paragraph 28.

29. Boehme denies the allegations contained in Paragraph 29.

30. Boehme denies the allegations contained in Paragraph 30.

31. Boehme denies the allegations contained in Paragraph 31.

32. Boehme denies the allegations contained in Paragraph 32.

33. Boehme denies the allegations contained in Paragraph 33.

## **FIRST CAUSE OF ACTION**

Failure to Pay Minimum Wage for All Hours Worked

(Lab. Code §§ 1182.12, 1194, 1194.2, 1197 and 1197.1)

34. In response to Paragraph 34, Boehme incorporates by reference its responses to each and every preceding paragraph as though fully set forth herein.

35. Boehme denies the allegations contained in Paragraph 35.

36. Boehme denies the allegations contained in Paragraph 36.

37. Boehme denies the allegations contained in Paragraph 37.

38. Boehme denies the allegations contained in Paragraph 38.

39. Boehme denies the allegations contained in Paragraph 39.

40. Boehme denies the allegations contained in Paragraph 40.

41. Boehme denies the allegations contained in Paragraph 41.

42. Boehme denies the allegations contained in Paragraph 42.

43. Boehme denies the allegations contained in Paragraph 43.

**SECOND CAUSE OF ACTION**

Failure to Provide Overtime Compensation

(Lab. Code §§ 510, 1194, 1198)

44. In response to Paragraph 44, Boehme incorporates by reference its responses to each and every preceding paragraph as though fully set forth herein.

45. Boehme admits that California Labor Code section 510 provides that employees in California shall not be employed more than eight hours in any workday or forty hours in a workweek unless they receive additional compensation. Boehme denies that it failed to comply with this provision.

46. Boehme admits that California Labor Code sections 1194 and 1198 provide that employees in California shall not be employed more than eight hours in any workday unless they receive additional compensation, and that Labor Code section 1198 states that the employment of an employee for longer hours than those fixed by the IWC is unlawful. Boehme denies that it violated these provisions.

47. Boehme denies the allegations contained in Paragraph 47.

48. Boehme denies the allegations contained in Paragraph 48.

49. Boehme denies the allegations contained in Paragraph 49.

50. Boehme denies the allegations contained in Paragraph 50.

51. Boehme denies the allegations contained in Paragraph 51.

52. Boehme admits that California Labor Code section 204 requires employers to provide employees with all wages due and payable twice a month. Boehme denies that it failed to comply with this provision.

**THIRD CAUSE OF ACTION**

Failure to Provide Meal Periods

(Lab. Code §§ 226.7, 512, and IWC Wage Orders)

53. In response to Paragraph 53, Boehme incorporates by reference its responses to each and every preceding paragraph as though fully set forth herein.

54. Boehme admits that it was aware of and subject to California Labor Code sections 226.7

and 512 and applicable IWC Wage Orders. Boehme denies that it failed to comply with these provisions.

55. Boehme admits that California Labor Code section 512 prohibits an employer from employing an employee for a work period of more than five hours per day without providing a meal period of not less than 30 minutes. Boehme denies that it violated this provision.

56. Boehme admits that Section 11 of IWC Wage Order No. 4 contains the provisions described in Paragraph 56. Boehme denies that it failed to comply with these provisions.

57. Boehme admits that California Labor Code section 226.7 prohibits employers from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order. Boehme denies that it violated this provision.

58. Boehme denies the allegations contained in Paragraph 58.

59. Boehme denies the allegations contained in Paragraph 59.

## **FOURTH CAUSE OF ACTION**

Failure to Provide Rest Periods

(Lab. Code §§ 226.7, 512, and IWC Wage Orders)

60. In response to Paragraph 60, Boehme incorporates by reference its responses to each and every preceding paragraph as though fully set forth herein.

61. Boehme admits that Section 12 of IWC Wage Order No. 4 contains the provisions described in Paragraph 61. Boehme denies that it failed to comply with these provisions.

62. Boehme admits that California Labor Code section 226.7 prohibits employers from requiring any employee to work during any meal or rest period mandated by an applicable IWC wage order. Boehme denies that it violated this provision.

63. Boehme denies the allegations contained in Paragraph 63.

64. Boehme denies the allegations contained in Paragraph 64.

## **FIFTH CAUSE OF ACTION**

Failure to Indemnify Necessary Business Expenses

(Lab. Code § 2802)

65. In response to Paragraph 65, Boehme incorporates by reference its responses to each and every preceding paragraph as though fully set forth herein.

66. Boehme denies the allegations contained in Paragraph 66.

67. Boehme denies the allegations contained in Paragraph 67.

68. Boehme denies the allegations contained in Paragraph 68.

**SIXTH CAUSE OF ACTION**

Waiting Time Penalties

(Lab. Code §§ 201-203)

69. In response to Paragraph 69, Boehme incorporates by reference its responses to each and every preceding paragraph as though fully set forth herein.

70. Boehme admits that California Labor Code sections 201 and 202 require an employer to pay its employees all wages due immediately upon discharge or within 72 hours of resignation. Boehme admits that California Labor Code section 203 provides that if an employer willfully fails to pay such wages, the employer must continue to pay the employee's wages up to a maximum of thirty days. Boehme denies that it willfully failed to pay any wages owed.

71. Boehme denies the allegations contained in Paragraph 71.

72. Boehme denies the allegations contained in Paragraph 72.

**SEVENTH CAUSE OF ACTION**

Failure to Provide Accurate Wage Statements

(Lab. Code § 226)

73. In response to Paragraph 73, Boehme incorporates by reference its responses to each and every preceding paragraph as though fully set forth herein.

74. Boehme admits that California Labor Code section 226, subdivision (a), requires employers to provide employees with accurate itemized wage statements containing certain information. Boehme denies that it failed to comply with this provision.

75. Boehme denies the allegations contained in Paragraph 75.

76. Boehme denies the allegations contained in Paragraph 76.

77. Boehme denies the allegations contained in Paragraph 77.

78. Boehme denies the allegations contained in Paragraph 78.

79. Boehme denies the allegations contained in Paragraph 79.

**EIGHTH CAUSE OF ACTION**

Violation of Unfair Competition Law

(Bus. & Prof. Code § 17200, et seq.)

80. In response to Paragraph 80, Boehme incorporates by reference its responses to each and every preceding paragraph as though fully set forth herein.

81. Boehme admits that Business and Professions Code section 17200, et seq., prohibits any unlawful, unfair, or fraudulent business act or practice. Boehme denies that it has engaged in any such conduct.

82. Boehme denies the allegations contained in Paragraph 82.

83. Boehme denies the allegations contained in Paragraph 83.

84. Boehme denies the allegations contained in Paragraph 84.

85. Boehme denies the allegations contained in Paragraph 85.

86. Boehme denies the allegations contained in Paragraph 86.

87. Boehme denies the allegations contained in Paragraph 87.

88. Boehme denies the allegations contained in Paragraph 88.

**NINTH CAUSE OF ACTION**

Private Attorneys General Act

(Lab. Code § 2698, et seq.)

89. In response to Paragraph 89, Boehme incorporates by reference its responses to each and every preceding paragraph as though fully set forth herein.

90. Boehme admits that at all times herein mentioned it was subject to the California Labor Code and applicable Industrial Welfare Commission Orders. Boehme denies that it violated any provision thereof.

91. Boehme admits that California Labor Code section 2699, subdivision (a), provides for a private right of action to recover penalties for violations of the Labor Code. Boehme denies any liability for such penalties.

92. Boehme admits that Plaintiff purports to have given notice to the LWDA. Boehme lacks sufficient knowledge or information to form a belief as to the truth of the remaining allegations in Paragraph 92, and on that basis denies the same.

93. Boehme lacks sufficient knowledge or information to form a belief as to whether the LWDA has indicated that it intends to investigate Defendants' Labor Code violations, and on that basis denies the same. Boehme denies that any Labor Code violations occurred.

94. Boehme denies the allegations contained in Paragraph 94.

95. Boehme denies the allegations contained in Paragraph 95.

96. Boehme denies the allegations contained in Paragraph 96.

97. Boehme denies the allegations contained in Paragraph 97.

98. Boehme denies the allegations contained in Paragraph 98.

99. Boehme denies the allegations contained in Paragraph 99.

## RESPONSE TO PRAYER FOR RELIEF

Boehme denies that Plaintiff or any putative class member is entitled to any of the relief requested in the Prayer for Relief, including but not limited to class certification, damages, penalties, restitution, injunctive relief, attorneys' fees, costs, interest, or any other relief whatsoever.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof on any issue for which Plaintiff bears the burden, and without waiving any defenses that may become apparent during the course of discovery or otherwise, Boehme asserts the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

### Failure to State a Claim

The Complaint, and each purported cause of action therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted against Boehme.

### SECOND AFFIRMATIVE DEFENSE

### Statute of Limitations

Plaintiff's claims, and each of them, are barred in whole or in part by the applicable statutes of limitations, including but not limited to California Code of Civil Procedure sections 338, 340, and 343, and California Labor Code sections 203 and 226.

**THIRD AFFIRMATIVE DEFENSE**

**Compliance with Law**

At all relevant times, Boehme complied with all applicable provisions of the California Labor Code, the applicable IWC Wage Orders, and all other applicable federal, state, and local laws, rules, and regulations governing the payment of wages, the provision of meal and rest periods, the reimbursement of business expenses, and the furnishing of wage statements.

**FOURTH AFFIRMATIVE DEFENSE**

**Good Faith**

At all relevant times, Boehme acted in good faith and with reasonable grounds to believe that its employment practices and policies complied with all applicable laws and regulations. Any failure to pay wages was not willful within the meaning of California Labor Code section 203.

**FIFTH AFFIRMATIVE DEFENSE**

**No Knowing or Intentional Violation**

To the extent Plaintiff seeks penalties under California Labor Code section 226, subdivision (e), Boehme's conduct was not knowing or intentional within the meaning of that statute. Boehme made good faith efforts to comply with the requirements of Labor Code section 226.

**SIXTH AFFIRMATIVE DEFENSE**

**Waiver, Estoppel, and Laches**

Plaintiff's claims are barred in whole or in part by the doctrines of waiver, estoppel, and/or laches based on Plaintiff's own conduct and unreasonable delay in asserting his claims.

**SEVENTH AFFIRMATIVE DEFENSE**

**Unclean Hands**

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands. Plaintiff's own conduct precludes recovery on the claims alleged in the Complaint.

**EIGHTH AFFIRMATIVE DEFENSE**

**Offset and Recoupment**

Boehme is entitled to offset against any damages awarded to Plaintiff by amounts previously paid to Plaintiff or the putative class members in compensation for the same or overlapping claims.

**NINTH AFFIRMATIVE DEFENSE**

**Failure to Mitigate Damages**

Plaintiff's claims for damages are barred or reduced to the extent that Plaintiff failed to exercise reasonable diligence to mitigate his alleged damages.

**TENTH AFFIRMATIVE DEFENSE**

**No Class Certification**

The Complaint fails to satisfy the requirements for class certification under Federal Rule of Civil Procedure 23 or California Code of Civil Procedure section 382. Individual issues predominate over common questions of law and fact, and class treatment is not superior to other methods of adjudicating this controversy. Plaintiff is not an adequate class representative, and his claims are not typical of the putative class.

**ELEVENTH AFFIRMATIVE DEFENSE**

**De Minimis**

Plaintiff's claims are barred in whole or in part by the de minimis doctrine to the extent any alleged unpaid time is so trivial that it is not compensable as a matter of law.

**TWELFTH AFFIRMATIVE DEFENSE**

**Meal and Rest Period Compliance**

At all relevant times, Boehme provided Plaintiff and the putative class members with compliant meal and rest periods, or premium pay in lieu thereof, in accordance with California law. To the extent any meal or rest periods were missed, shortened, or delayed, such instances were the result of Plaintiff's and/or the putative class members' own voluntary choices and not due to any policy or practice of Boehme.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**Authorized and Permitted**

At all relevant times, Boehme authorized and permitted Plaintiff and the putative class members to take meal and rest periods in compliance with applicable law. Boehme did not impede, discourage, or prevent employees from taking compliant meal and rest periods.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**Business Expense Reimbursement**

At all relevant times, Boehme reimbursed Plaintiff and the putative class members for all necessary business expenditures and losses incurred in direct consequence of the discharge of their duties, or of their obedience to the directions of Boehme. To the extent any expenses were not reimbursed, such expenses were not necessary expenditures within the meaning of California Labor Code section 2802.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**Accurate Wage Statements**

At all relevant times, Boehme provided Plaintiff and the putative class members with accurate itemized wage statements that complied with all requirements of California Labor Code section 226. To the extent any wage statement contained an alleged inaccuracy, such inaccuracy did not cause any injury to Plaintiff or the putative class members within the meaning of Labor Code section 226, subdivision (e).

**SIXTEENTH AFFIRMATIVE DEFENSE**

**No UCL Standing or Liability**

Plaintiff's Eighth Cause of Action under Business and Professions Code section 17200 fails because Plaintiff has not suffered injury in fact and has not lost money or property as a result of any alleged unfair competition. Furthermore, Boehme's business practices are lawful and do not constitute unfair, unlawful, or fraudulent business acts or practices.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**No PAGA Standing or Compliance with Administrative Requirements**

Plaintiff's Ninth Cause of Action under PAGA fails because Plaintiff has failed to comply with the administrative exhaustion requirements of California Labor Code section 2699.3. Additionally, Plaintiff lacks standing to pursue PAGA claims because Plaintiff was not an "aggrieved employee" within the meaning of the statute, as Plaintiff did not personally suffer any violation of the Labor Code.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**PAGA Manageability**

Plaintiff's PAGA claim should be limited or dismissed because it is unmanageable. The alleged violations require individualized inquiries into each aggrieved employee's circumstances that would make adjudication of the PAGA claim impracticable.

**NINETEENTH AFFIRMATIVE DEFENSE**

**Proportionality of PAGA Penalties**

Any PAGA penalties awarded should be reduced in the Court's discretion pursuant to California Labor Code section 2699, subdivision (e)(2), because the amount of any penalty would be unjust, arbitrary and oppressive, or confiscatory given the totality of the circumstances.

**TWENTIETH AFFIRMATIVE DEFENSE**

**Federal Preemption**

Some or all of Plaintiff's claims may be preempted by applicable federal law, including but not limited to the Federal Arbitration Act, 9 U.S.C. § 1 et seq., and the Federal Aviation Administration Authorization Act ("FAAAA"), 49 U.S.C. § 14501(c)(1), to the extent Plaintiff's claims relate to the prices, routes, or services of a motor carrier.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

**Independent Contractor Status**

Some or all of the putative class members and/or alleged aggrieved employees were properly classified as independent contractors, not employees, during the relevant time period. As independent contractors, such individuals are not entitled to the protections of the California Labor Code, the applicable IWC Wage Orders, or the Private Attorneys General Act. To the extent the ABC test under Labor Code section 2775 applies, Boehme contends that such individuals satisfy all three prongs. To the extent the multi-factor test under S.G. Borello & Sons, Inc. v. Department of Industrial Relations (1989) 48 Cal.3d 341 applies, including by operation of any applicable statutory exemption, Boehme contends that such individuals were bona fide independent contractors under the totality of the circumstances.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

**Motor Carrier Exemption**

Some or all of the putative class members and/or alleged aggrieved employees are exempt from the ABC test for worker classification by virtue of the motor carrier exemption set forth in Business and Professions Code section 2783. To the extent this exemption applies, the proper test for determining whether such individuals were employees or independent contractors is the multi-factor test set forth in S.G. Borello & Sons, Inc. v. Department of Industrial Relations (1989) 48 Cal.3d 341, under which Boehme contends such individuals were properly classified as independent contractors.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

**PAGA Right to Cure**

Plaintiff's PAGA claims are barred or reduced to the extent Boehme has cured or taken steps to cure the alleged violations in accordance with California Labor Code section 2699.3, subdivision (c)(2), as amended by Assembly Bill 2288 and Senate Bill 92 (2024). To the extent Boehme has remediated the conditions giving rise to the alleged violations before or after the filing of this action, PAGA penalties are not recoverable or should be substantially reduced.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

**Derivative Claims**

Plaintiff's claims for waiting time penalties under Labor Code sections 201–203, wage statement penalties under Labor Code section 226, penalties under PAGA, and restitution under Business and Professions Code section 17200 are derivative of Plaintiff's underlying substantive claims. To the extent the underlying claims fail, these derivative claims necessarily fail as well.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

**Uncertain and Speculative Damages**

Plaintiff's alleged damages, and those of the putative class members, are uncertain, speculative, and not capable of reasonable calculation. Plaintiff has failed to establish any cognizable measure of damages with reasonable certainty.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

**Voluntary Conduct**

To the extent any alleged violations occurred, they resulted from the voluntary conduct of Plaintiff and/or putative class members who acted contrary to Boehme's established policies, procedures, and instructions. Plaintiff and/or putative class members voluntarily chose to deviate from Boehme's lawful policies and cannot recover for any resulting alleged violations.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

**Arbitration Agreements**

Some or all of the putative class members and/or alleged aggrieved employees may have entered into valid and enforceable arbitration agreements with class action and/or representative action waivers. To the extent such agreements exist, Plaintiff's class and/or PAGA claims are barred and must be submitted to individual arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 et seq.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

**Reservation of Rights**

Boehme reserves the right to amend this Answer to assert additional affirmative defenses as they become known through discovery or otherwise. Boehme's investigation of the facts and law is ongoing, and additional defenses may become available as further information is obtained.

**WHEREFORE**

Boehme respectfully requests that the Court enter judgment as follows:

1. That Plaintiff take nothing by his Complaint;
2. That the Complaint be dismissed with prejudice;
3. That class certification be denied;
4. That Boehme be awarded its reasonable attorneys' fees and costs of suit incurred herein; and
5. For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Defendant Boehme Logistics LLC hereby demands a trial by jury on all issues so triable in this action.

**SAN FRANCISCO EMPLOYMENT LAWYERS, PC**

Dated: February 23, 2026

Chrsitopher J. Keller
Attorneys for Defendant BOEHME LOGISTICS LLC

## PROOF OF SERVICE

I am over the age of 18 and not a party to this cause. I am a resident of or employed in the county where the mailing occurred. My business address is 447 Sutter Street, Suite 405, San Francisco, CA 94108. On February 23, 2026, I served the following:

**DEFENDANT BOEHME LOGISTICS LLC'S ANSWER TO PLAINTIFF'S CLASS AND REPRESENTATIVE ACTION COMPLAINT**

_X_ BY EMAIL pursuant to a written agreement by the parties, by emailing the above documents from my email address: ckeller@sfemploymentlawyers.net to the following:

| Plaintiff's Counsel | Defendant ONTRAC LOGISTICS, INC's counsel |
|---|---|
| MILLS SADAT DOWLAT LLP<br>Arash Sadat<br>Carmon Dowiatshahi<br>Kathleen V1oore<br>333 South Hope Street, 40th Floor<br>Los Angeles CA 90071<br>Tel.: (213) 628-3856<br>Email: arash@msdlawyers.com<br>Email: camron@msdlawyers.com<br>Email: kathleen@msdlawyers.com | Damian M. Moos (SBN 240030)<br>dmoos@scopelitis.com<br>John V. Little (SBN 341130)<br>jlittle@scopelitis.com<br>SCOPELITIS, GARVIN, LIGHT, HANSON & FEARY, LLP<br>2 North Lake Avenue, Suite 560<br>Pasadena, CA 91101<br>Phone: 949-800-8601<br>Fax: 626-795-4790 |

I declare under the penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Date: February 23, 2026

Christopher J. Keller

.